O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **GERALD G. NEIGHBORS,** § | | |
| § | | |
| Petitioner, § | | |
| v. § | | **CIVIL ACTION V-03-82** |
| § | | |
| **DOUGLAS DRETKE, Director, Texas** § | | |
| **Department of Criminal Justice,** § | | |
| **Institutional Division,** § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM & ORDER

This case involves a 28 U.S.C. § 2254 petition for habeas corpus challenging the constitutionality of a state prisoner's conviction. Pending before the Court is Respondent Douglas Dretke's Motion to Dismiss (Dkt. #5). After considering the motion, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED.

### Factual and Procedural Background

Petitioner Gerald G. Neighbors is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is the director of the TDCJ-CID. The Respondent has lawful custody of Neighbors pursuant to two judgments and sentences issued by the 24th Judicial District Court of Victoria County, Texas in cause numbers 87-8-12,863 and 87-12-12,984. Neighbors was charged with capital murder and murder in a two-count indictment that contained enhancements for two prior felony convictions. *Ex parte Neighbors*, Application No. 47,846-01, pp. 33-34. On December 8, 1987, Neighbors entered into a plea agreement with the State wherein the State agreed to waive the capital murder count and proceed only on the murder count. *Id.* at 37-38. The State also charged Neighbors in a separate complaint

and information with aggravated robbery. *Ex parte Neighbors*, Application No. 47,846-02, pp. 33-34. Neighbors entered a plea of guilty to both the murder count and the aggravated robbery count. *Ex parte Neighbors*, Application No. 47,846-01 at 37-38, *Ex parte Neighbors*, Application No. 47,846-02 at 38-39. Neighbors also plead "true" to the enhancements in the murder indictment. *Ex parte Neighbors*, Application No. 47,846-01 at 37-38. Neighbors was sentenced to life in prison on each count *Id.* at 37, *Ex parte Neighbors*, Application No. 47,846-02 at 38. Neighbors did not appeal his conviction.

On September 28, 2000, Neighbors filed two state habeas petitions collaterally attacking each conviction. *Ex Parte Neighbors*, Application Nos. 47,846-01, 47,846-02. On May 23, 2001, the Texas Court of Criminal Appeals denied both applications without written order. On February 10, 2003, Neighbors filed two additional state habeas applications. *Ex Parte Neighbors*, Application Nos. 47,846-03, 47,846-04. These writs were also denied without written order on May 14, 2003.

## Analysis

Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court rather than the date the petition is filed. Accordingly, Neighbors filed his federal habeas petition on July 18, 2003. As such, his petition is subject to amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

As stated above, Neighbors plead guilty and was sentenced on December 8, 1987. It has long been established under Texas law that an inmate must seek direct review of his conviction within thirty days of the date of judgment. *See e.g.,* TEX. R. APP. PROC. 41(b) (West 1994). Because he never invoked the direct review process, Neighbors' conviction became final upon the expiration of the time for seeking review, or January 7, 1988. The AEDPA one-year limitations period began to run the next day on January 8, 1988 and expired on January 8, 1989. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003), *citing Flanagan*, 154 F.3d at 197 ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time

begins to run shall not be included.").

Nonetheless, in cases where the limitation period expired before the AEDPA's enactment, as is the case here, the petitioner is provided a grace period in which to file a federal habeas petition. *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir. 1998). In the event a petitioner is entitled to a one-year grace period, the grace period begins to run with the passage of the AEDPA on April 24, 1996 and closes on April 24, 1997. *See Flanagan*, 154 F.3d at 202 (establishing April 24, 1997 as the last day of the grace period to file a timely federal habeas petition). Thus, Neighbors' federal petition filed on July 18, 2003, was filed over six years late.

Neighbors filed his first set of state writ applications on September 28, 2000, and his second set on February 10, 2003. Because these applications were filed after April 24, 1997, Neighbors' state petitions did not entitle him to tolling. 28 U.S.C. § 2244(d)(2).

Thus Neighbors' petition is time barred unless he can prove he is entitled to equitable tolling. As Neighbors is representing himself *pro se,* the Court will liberally construe his Response to Respondent's Motion to Dismiss as Time-Barred to contain a request for equitable tolling on the ground that his attorney did not provide him with various records until March of 2001. Neighbors claims that these records had the potential to exonerate him.[1] Neighbors also asserts that he has been indigent for the entire time of his incarceration and could not afford to purchase these documents from the State.

To the extent Neighbors claims to be entitled to equitable tolling, his argument is without merit. The AEDPA statute of limitations can be tolled only in "exceptional circumstances." *Davis*

---

[1] The records that were allegedly provided to him during March of 2001 consisted of (1) a copy of his crime laboratory report, and (2) two written statements from Mr. Willie Haynes and Ms. Jacqueline Edwards.

*v. Johnson*, 158 F.3d 806, 810 (1998). The circumstances here are by no means exceptional and Neighbors has cited no case law indicating that the grounds alleged entitle him to equitable relief. Moreover, Neighbors' arguments are unavailing because he states that he received the records at issue during March of 2001. Assuming that the facts contained in these documents could not have been discovered through the exercise of due diligence prior to March of 2001, he still only had one year from that date to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(D). Thus, under the circumstances alleged by Neighbors, the limitations period for his claim would have expired some time during March of 2002. Neighbors' attempt to raise issues in a habeas petition filed fifteen months later on July 18, 2003 is unavailing.

Additionally, there is no indication or allegation that Neighbors was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is also no showing of a newly recognized constitutional right upon which the petition is based. 28 U.S.C. § 2244(d)(1)(C). Therefore, Neighbors' habeas petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

Neighbors' federal petition for a writ of habeas corpus was filed more than one year after his conviction became final and more than one year after the date on which the factual predicate of his claims were discovered. 28 U.S.C. § 2244. The Court is of the opinion that he is not entitled to equitable tolling. Accordingly, Respondent's Motion to Dismiss (Dkt. #5) is GRANTED. This action is **DISMISSED** because the claims in the petition are barred by the AEDPA's one-year limitations period.

### Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001), *quoting Slack*, 120 S. Ct. at 1604; *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Neighbors is not entitled to a certificate of appealability under the applicable standards. *See* 28 U.S.C. § 2253(c).

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion to Dismiss (Dkt. #5) is **GRANTED**.

2. This cause of action is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

4. The Clerk shall send a copy of this Memorandum and Order to the parties.

**SIGNED** on this 10th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE